## A. BLUMER v. TENA JONES.

**Interlocutory Orders — Appeals from — How Granted.**

> Appeals from interlocutory orders can be granted only by the chancellor, and when not so granted, are void and will be dismissed.[1]

Appellant, Blumer, instituted an action of unlawful entry and detainer against appellee, Tena Jones, to recover possession of certain land and improvements in Jackson county. Tena Jones filed the bill in this case in the Chancery Court of said county to enjoin the prosecution of said suit. Blumer made a motion to dissolve the injunction, which has been granted. The motion was heard in vacation and was overruled. Appellant filed his petition for an appeal; it was addressed to the clerk and the appeal was granted by the clerk.

APPEALED from Chancery Court, Jackson county, GEORGE WOOD, Chancellor.

Dismissed, February 28, 1881.

*Attorney for appellant, R. Seal.*

*Attorney for appellee, C. H. Wood.*

Briefs of counsel were submitted on the merits of the case, and not pertinent to the opinion of the court.

OPINION.—*Per curiam:*

This is an appeal from an order in vacation overruling a motion to dissolve an injunction. It was not granted by the chancellor, but by the clerk upon petition addressed to him. Appeals from interlocutory orders can be granted only by the chancellor, and when not so granted are void.

*Appeal dismissed.*

---

1

The clerk of the Chancery Court has no authority to grant an appeal from interlocutory orders or decrees. Holliman *v.* Dibrell, 51 Miss. 96.